ce: JMS

ORIGINAL

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
Washington D.C. 20530
BRADLEY R. O'BRIEN (CA State Bar #189425)
Environmental Enforcement Section
United States Department of Justice
Brad.obrien@usdoj.gov

FLORENCE T. NAKAKUNI
United States Attorney
DERRICK WATSON
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Derrick.watson@usdoj.gov

Attorneys for Plaintiff United States of America

DAVID M. LOUIE
Attorney General
State Of Hawaii
HEIDI M. RIAN
KATHLEEN HO
Deputy Attorneys General
465 S. King Street, Rm. 200
Honolulu, Hawaii 96813
Kathleen.S.Ho@hawaii.gov

Attorneys for Plaintiff State of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 21 2012

at 10 o'clock and 00 min. A M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF HAWAII,<br><br>        Plaintiffs,<br><br>   vs.<br><br>CAPE FLATTERY LIMITED and PACIFIC BASIN (HK) LIMITED<br><br>        Defendants. | CV No. CV12 00693 JMS BMK<br><br>**COMPLAINT** |

*United States, et al. v. Cape Flattery Limited, et al.*                              Complaint

## COMPLAINT

Plaintiff United States of America ("United States"), by the authority of the Attorney General of the United States, on behalf of the U.S. Department of the Interior ("DOI"), U.S. Fish and Wildlife Services ("USFWS"), and on behalf of the U.S. Department of Commerce, National Oceanic & Atmospheric Administration ("NOAA"), and Plaintiff State of Hawaii, by its Attorney General, David M. Louie ("the State"), allege as follows:

## STATEMENT OF THE CASE

This is a civil action brought pursuant to Sections 1002(a), (b)(1)(A) and (b)(2)(A), 1006(a) of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701 *et seq*, and Section 128D of the Hawaii Environmental Response law ("HRS"), Haw. Rev. Stat. §128D, to recover claims for natural resource damages arising from the February 2, 2005, grounding of the M/V Cape Flattery vessel on coral reef habitat outside the entrance channel to Barbers Point Harbor, Oahu, Hawaii (the "Grounding").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and over the Defendants pursuant to, *inter alia*, 28 U.S.C. §§ 1331, 1345, 1355 & 1367, Sections 1002(a), (b)(1)(A), (b)(2)(A), 1006, and 1017(b) of OPA, 33 U.S.C. §§ 2702(a), (b)(1)(A), (b)(2)(A), 2706, & 2717(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1395, 33 U.S.C § 2717(b), because the Defendants do business in, and the incident occurred in, this judicial district.

## DEFENDANTS

3. Defendant Cape Flattery Limited ("Flattery"), a Hong Kong corporation, at all relevant times was the owner of the M/V Cape Flattery.

*United States, et al. v. Cape Flattery Limited, et al.*                              Complaint

-1-

4. Defendant Pacific Basin (HK) Limited ("Pacific Basin") at all relevant times was the operator of the M/V Cape Flattery.

5. Each Defendant is a "responsible party" as defined by Sections 1001(32)(A) and (26)(A)(i) of OPA, 33 U.S.C. §§ 2701(32)(A) and (26)(A)(i); and Sections 128D-1 and 128D-6 of HRS, Haw. Rev. Stat. §§ 128D-1 and 128D-6.

## THE INCIDENT

6. On February 2, 2005, the 555 foot bulk carrier M/V Cape Flattery grounded on coral reef habitat outside the entrance channel to Barbers Point Harbor, Oahu, Hawaii. At the time of the Grounding, the M/V Cape Flattery was owned by Flattery and operated by Pacific Basin.

7. The United States Coast Guard, the State, and the Defendants developed a Salvage Operations Oil Spill Contingency Plan to provide direction to address a substantial threat of a discharge of oil as the result of the Incident.

8. As a result of the Grounding, fuel and cement cargo were offloaded from the M/V Cape Flattery, and various tugs and other vessels attempted to remove the M/V Cape Flattery. The M/V Cape Flattery was ultimately towed from the coral reef habitat on or about February 11, 2005. Physical injuries to coral reef habitat and associated resources resulted from stabilization and response activities associated with the Grounding (the Grounding and the foregoing are referred to as the "Incident").

9. DOI, USFWS, NOAA, and the State are trustees ("Trustee" or jointly "Trustees") for the natural resources injured by the Incident. The USFWS and NOAA are each designated as a Trustee pursuant to subpart G of the National Oil and Hazardous Substances Pollution Contingency Plan, 40 C.F.R. §§ 300.600 *et seq.*, and Executive Order 12580, 3 C.F.R., 1987 Comp. p. 193, 52 Fed. Reg. 2923 (January 23, 1987) as amended by Executive Order 12777, 56 Fed. Reg. 54757 (October 18, 1991). The State has natural resource trustee authority pursuant to Section 1006 of OPA, Section 128D-6 HRS, and 11-451 Haw. Admin. Rules.

10. The Trustees and Defendants' representatives began Incident pre-assessment procedures on February 11, 2005. The Incident pre-assessment procedures included collecting physical evidence, photo documentation, area measurements and recording observations. These pre-assessment procedures were utilized in part to determine whether physical injury to natural resources, including coral reef habitat and its associated community, had occurred as a result of the Incident and removal operations.

11. The collected evidence and observations from the Incident pre-assessment procedures confirmed that the Incident caused physical injury to coral reef habitats and resources. The Trustees determined that additional actions to quantify and further document injury were necessary.

12. Utilizing certain assessment procedures, the Trustees have determined that the Incident caused injuries to various coral reef habitats and the wildlife that depends on them, and have quantified the severity, extent and estimated duration of such injuries.

13. Natural resources within the meaning of Section 1001(20) of OPA, 33 U.S.C. §§ 2701(20), and Section 128D-1 of HRS, Haw. Rev. Stat. §128D-1, held in trust by the Plaintiffs have been injured, lost, or destroyed as the result of Defendants' actions.

## CLAIM FOR RELIEF

14. Paragraphs 1 through 13 are incorporated herein by reference.

15. "Natural resources," as that term is defined in OPA, 33 U.S.C. § 2701(20), held in trust by the Trustees, have been injured, destroyed, or lost as the result of the Incident within the meaning of 33 U.S.C. § 2702(b)(2).

16. The United States and the State incurred "damages" within the meaning of OPA as a result of the Incident. 33 U.S.C. §§ 2702(b)(1)(A), (b)(2)(A).

17. Pursuant to OPA, 33 U.S.C. § 2702(a) and (b), each responsible party for a vessel from which oil is discharged, or which poses the substantial threat of discharge, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone of the United States, is strictly liable for all damages, and/or disbursements specified in OPA, including, but not limited to, damages for injuries to natural resources.

18. Defendants are liable to the United States and the State for natural resource damages, including the reasonable costs of assessing the damage, as an owner and an operator of a vessel which posed the substantial threat of discharge of oil upon the navigable waters pursuant to Sections 1001(26)(A)(i) & (27), 1002(a) & (b)(2)(A), and 1006(a)(1) of OPA, 33 U.S.C. §§ 2701(26)(A)(i) & (27), 2702(a) & (b)(2)(A), and 2706(a)(1), and Section 128D-6 of HRS, Haw. Rev. Stat. §128D-6.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the United States and the State, respectfully request that this Court:

1. Enter judgment in favor of the United States and the State holding Defendants liable for all unreimbursed costs incurred by the United States and the State with respect to the Incident, plus accrued interest thereon;

2. Enter judgment in favor of the United States and the State holding Defendants liable for all damages incurred with respect to the Incident, plus accrued interest thereon;

3. Enter judgment in favor of the United States and the State holding Defendants liable to implement actions to restore natural resources and resource services injured or lost as a result of the Incident including, but not limited to, the cost of restoring, rehabilitating, replacing, or acquiring the equivalent of the injured natural resources, the diminution in value of those injured natural resources pending restoration, and assessment costs.

4. Enter a declaratory judgment on Defendants' liability for removal costs and damages that will be binding on any subsequent action or actions to recover further response costs or damages; and

5. Grant the United States and the State such other relief as the Court deems appropriate.

Dated: Dec 16, 2012.

FOR THE UNITED STATES:

*[signature]*
IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*[signature]*
BRADLEY O'BRIEN
Senior Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, California 94105
(415) 744-6484
(415) 744-6476

FOR THE STATE OF HAWAII

_____
KATHLEEN S. HO
Deputy Attorney General
Health and Human Services Division
Department of the Attorney General

*United States of America et al. v. Cape Flattery Limited et al.* - Complaint